**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, United States Department Of Labor,

Petitioner,

v.

MATSON TERMINALS, INCORPORATED; et al.,

Respondents.

No. 09-72979

OWCP No. 09-0557

MEMORANDUM*

On Petition for Review of an Order of the
Office of Workers Comp Program

Argued and Submitted June 15, 2011
Honolulu, Hawaii

Before: ALARCÓN, WARDLAW, and N.R. SMITH, Circuit Judges.

The Director, Office of Workers' Compensation Programs ("OWCP")

petitions for review of a final decision by the Department of Labor Benefits

Review Board ("Board") granting partial Special Fund relief to Matson Terminals,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Inc., under Section 8(f) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C §§ 901-950. The Board determined that under Section 8(f), Matson is entitled to Special Fund relief for a portion of its compensation liability owed to a former employee, George Kunihiro. We deny the petition for review.

The Director's argument that the Board's ruling contravenes the plain language of Section 8(f)'s enabling regulations, 20 C.F.R. §§ 702.321 and 702.441, is not persuasive. "As a general interpretative principle, 'the plain meaning of a regulation governs.'" *Safe Air for Everyone v. United States EPA*, 488 F.3d 1088, 1097 (9th Cir. 2007) (quoting *Wards Cove Packing Corp. v. Nat'l Marine Fisheries Serv.*, 307 F.3d 1214, 1219 (9th Cir. 2002)).

Section 702.321(a)(1) sets forth the procedures for determining applicability of Section 8(f) to claims for injury due to loss of hearing. 20 CFR § 702.321(a)(1). It provides, in part, that "[i]f the injury is loss of hearing, the pre-existing hearing loss must be documented by an audiogram which complies with the requirements of § 702.441." *Id*. Here, the administrative law judge found that Matson provided reliable and probative evidence of Kunihiro's hearing loss under Section 8(f). Indeed, the Director has conceded that the audiograms Matson administered to

2

Kunihiro complied with the requirements of § 702.441(b)(1), the only provision that directly and specifically addresses the requirements for audiograms.

Section 702.441(b) states that an audiogram shall be presumptive evidence of the amount of hearing loss on the date it was administered if it meets certain requirements. Among them is the requirement that "[t]he employee was provided the audiogram and a report thereon at the time it was administered or within thirty (30) days thereafter." 20 CFR § 702.441(b)(2). The requirement that an employee receive a copy of his audiogram was related to notice and statute of limitations provisions. *See Jones Stevedoring Co. v. Dir., OWCP,* 133 F.3d 683, 689 (9th Cir. 1997) ("Congress explained that the purposes of requiring the employee to receive the audiogram are to give him time to file a claim and to allow him to undertake steps in his job to prevent further exposure to loud noise.") (citing H.R. Rep. No. 98-570, Part I, at 9-10 (1984), reprinted in 1984 U.S.C.C.A.N. 2734, 2742-43).

Under the plain language of the statute, § 908(c)(13)(C) of the LHWCA and supporting regulation § 702.441(b)(2) are guidelines by which an employer can ensure that an audiogram will constitute *presumptive* evidence of hearing loss for Section 8(f) purposes. An employer seeking relief from the Section 8(f) Special Fund, who does *not* comply with § 8(c)(13)(C) requirements, must depend on the

3

fact finding authority of the administrative law judge to certify whether its evidence for Special Fund relief is reliable and probative.

Because the undisputed audiogram evidence demonstrated that the employee suffered a hearing loss, we deny the petition for review.

**PETITION DENIED.**